# Abercrombie *v.* The State.

## *Cruelty to Animals.*

(Decided June 19, 1913.   62 South. 966.)

1. *Animals; Cruelty; Statute.*—The sole purpose of section 6232, Code 1907, is to prevent cruelty to animals, and does not prevent the mere killing of animals, but prohibits the cruelly killing them.

2. *Indictment and Information; Alternative Charges.*—Alternative averments in an indictment must each present an indictable offense, and an indictment is bad in toto where one of the alternatives does not charge an offense.

3. *Same; Effect.*—An indictment charging that defendant did override, overload, deprive of necessary sustenance, cruelly beat, mutilate or kill a mule, was bad in toto as under it, the adverb "cruelly" did not qualify the word "kill" so as to bring it within the purview of section 6232.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

Alto Abercrombie was indicted and convicted of cruelly treating or killing animals, and he appeals. Reversed and remanded.

GEORGE W. PEACH, for appellant. The alternative of killing a mule was not good as the statute is aimed at

[Abercrombie v. The State.]

·cruelly killing an animal, and where one alternative is bad, the whole indictment is bad.—*Horton v. State,* 53 Ala. 493; *Alred v. State,* 89 Ala. 114; Sec. 6232, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The word "cruelly" as used in the indictment modifies equally the word "beat, mutilate or kill," and hence, each alternative was sufficient, and the demurrer was properly overruled.—Sec. 6232, Code 1907.

THOMAS, J.—Section 6232 of the Code provides: "Any person who averrides, overloads, drives when overloaded, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates, or cruelly kills * * * any animal," etc., shall be guilty of a misdemeanor. The indictment in this case charges that the defendant "did override, overload, deprive of necessary sustenance, cruelly beat, mutilate or kill a mule," etc.   It was demurred to on the ground that it charges no offense, in that, while it charges the defendant with several acts in the alternative, one of these acts, to wit, that defend-· ant "did kill a mule," constitutes no crime; the law inhibiting him from "cruelly killing" a mule or other animal, but not from merely killing such an animal.   The latter act may be, and often is, done from a spirit of mercy and humanity, to relieve suffering when the animal has been injured, or is diseased beyond hope of cure.   The sole purpose of the statute is to prevent cruelty to domestic animals, and, as has been well said, "if the mere act of killing the animal * * * be cruelty within the meaning of the statute, then he who kills his pig, or ox, for the market would fall within the letter of the law, * * * and we must 'eat no more meat,' whether 'it

maketh our brother to offend' or not."—*Horton v. State,* 124 Ala. 82, 27 South. 468.

The law is further well settled that alternative averments in an indictment must each present an indictable offense; and if, in such indictment, one or more of the alternatives expressed charges no offense, then the indictment is bad in toto.—*Horton v. State,* 53 Ala. 493; *Allred v. State,* 89 Ala. 114, 8 South. 56; *Hornsby v. State,* 94 Ala. 55, 10 South. 522; *State v. Nix,* 165 Ala. 126, 51 South. 754.

Here, the state contends that the indictment may be sustained for that the adverb "cruelly," found in the indictment next preceding the verb "beat," qualifies, not only that verb, but also the verb "kill," and hence the alternative mentioned amounts to a charge that defendant did *"cruelly* kill." We cannot agree to such a construction. If "cruelly" qualifies "kills," it must of logical and grammatical necessity also qualify "mutilate," which would be tautology, since "mutilate" in and of itself involves the idea expressed in the named adverb. However, if we thought the indictment so framed that this adverb not only qualified "beat," but did also qualify "mutilate" and "kill," we would not, of course, let the mere fact that it resulted in a tautological statement or charge prevent our sustaining the indictment. Clearly, however, to our minds, "cruelly" qualifies neither "mutilate" nor "kill," but only the verb "beat." Defendant is charged in the indictment with a series of acts, each separated from the other by a comma. The auxiliary verb "did" is used in connection with the main verb in making the first charge, that is, "did override," and it is impliedly to be brought forward in all the subsequent charge. Supply it in fact, in each place where it is necessarily implied, in the charging part of the indictment, leaving the punctuation as it is in the

[McLeod, et al. v. The State.]

indictment, and it is clear that "cruelly" does not qualify either "mutilate" or "kill." So inserting "did" at each intended place in the indictment, leaving it otherwise unchanged either in verbiage or in punctuation, the charge reads thus: "did override, did overload, did drive when overloaded, did torture, did deprive of necessary sustenance, did cruelly beat, did mutilate or kill, a mule."

The lower court was in error in not sustaining the demurrer to the indictment, since one of its alternatives, as pointed out, charged no offense.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.