(122 So. 309)

### GILBREATH v. STATE. (7 Div. 512.)

Court of Appeals of Alabama. April 2, 1929.

Rehearing Denied May 7, 1929.

John B. Isbell, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J. Appellant was tried by a jury upon a complaint charging him with a violation of the prohibition law. The complaint was defective, in that one of the alternative averments failed to charge any

offense known to the law, and the law is that where the offense is charged by several alternative averments, each averment must state a complete and substantive offense. The defect in the complaint was waived, however, by defendant's plea. No demurrer, or other objection, was interposed. Under the rule the defendant cannot now be given the benefit of the point. Sharp v. State, 22 Ala. App. 562, 118 So. 238; Griffin v. State, 22 Ala. App. 369, 115 So. 769.

The evidence in this case was in irreconcilable conflict; the probative force thereof was for the jury. The evidence adduced by the state, if believed under the required rules, was ample to sustain the verdict of the jury and to support the judgment of conviction. The affirmative charge was properly refused to defendant, there being no phase of this case which entitled him thereto.

■■ It is judicially known that "whisky" contains alcohol. If, as insisted by appellant, state witness Ezra Lee was not qualified to testify that it was whisky he bought from defendant, no effort was made to show such disqualification by cross-examination or otherwise.

■ The remark of the court complained of, to wit, "Both the other witnesses say this boy was not there," however improper, cannot effect a reversal of the judgment in this case, as it went unchallenged by objection or exception and motion to exclude.

■ Whether or not state witness Ezra Lee offered defendant's witness Ronwell Templeton a gàllon of home-brew for an automobile casing was immaterial to the issues involved upon this trial, and the court properly so held.

As stated, the evidence being in sharp conflict, made a question of fact for the jury to determine. We see nothing presented by the motion for a new trial which requires a reversal of the judgment of conviction appealed from.

Affirmed.