219 So.2d 649

Alfred E. VANN

v.

STATE.

4 Div. 661.

Court of Appeals of Alabama.

Feb. 11, 1969.

Farmer & Farmer, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is the first case to reach this court involving a prosecution under Act No. 252, Acts of Alabama 1967, Vol. 1, p. 633.

The indictment in pertinent part, is as follows:

"The Grand Jury of said County Charge that, before the finding of this Indictment Alfred E. Vann, whose name is to the Grand Jury otherwise unknown, did have in his possession depressant and stimulant drugs; or counterfeit drugs simulating the brand or other identifying mark or device of the manufacturer of depressant and stimulant drugs  *  *."

The defendant was convicted under this indictment and his punishment was fixed at three years in the penitentiary.

In Section 1(c) of Act No. 252, supra, " 'depressant or stimulant drug' " is defined as:

"*  *  *  (1) Any drug which contains any quantity of (A) barbituric acid or any of the salts of barbituric acid; or (B) any derivative of barbituric acid.

"(2) Any drug which contains any quantity of (A) amphetamine or any of its optical isomers; (B) any salt of amphetamine or any salt of an optical isomer of amphetamine; or (C) any substance designated by regulations promulgated by the Board as habit-forming because of its stimulant effect on the central nervous system; or

"(3) Any drug which contains any quantity of a substance designated by regula-

 

tions promulgated by the State Board of Health as having a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect."

\* \* \* \* \* \*

"(2) The term 'counterfeit drug' means a drug which, or the container or labeling of which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, or device, or any likeness thereof, of a drug manufacturer, processor, packer, or distributor other than the person or persons who in fact manufactured, processed, packed or distributed such drug and which thereby falsely purports, or is represented to be the produce of, or to have been packed or distributed by, such other drug manufacturer, processor, packer, or distributor or any drug whose content is not what it is represented to be."

A demurrer was filed to the indictment, and by the court overruled.

■ The indictment is insufficient for failure to name the particular drug possessed by the defendant. Baker v. State, 123 Tex.Cr.R. 209, 58 S.W.2d 534; Hart v. State, Tex.Cr.R. (1965), 396 S.W.2d 873.

■ When offenses are charged in the alternative in the same count of an indictment, each alternative must state a complete offense. Gilbreath v. State, 23 Ala. App. 162, 122 So. 309; Abercrombie v. State, 8 Ala.App. 326, 62 So. 966.

■ To sufficiently apprise a defendant of what he must be prepared to meet under a charge of possessing "counterfeit" drugs as that term is defined in Section 1(2) of Act No. 252, supra, it would be necessary to aver, (1) the type of drug allegedly possessed, (2) the name of the other drug it was falsely represented to be, (3) the trademark, trade name, etc., used without authorization, which it bore, (4) the name of the true manufacturer, processor packer or distributor of the drug.

The indictment does not state facts sufficient to state a criminal offense. The demurrer should have been sustained.

The judgment is reversed and the cause remanded.

Reversed and remanded.