243 So.2d 386

**Dalton W. ADAMS**

v.

**STATE.**

**8 Div. 7.**

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Rehearing Denied Jan. 12, 1971.

———◆———

Bryce U. Graham, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

Dalton W. Adams appeals from a conviction of assault with intent to murder. The sentence was ten years in the penitentiary.

The state's evidence tends to show that three Alabama Conservation Officers about daylight watched two men in a boat on the Alabama side of a body of water between Alabama and Mississippi, run a fish net and bring up fish.

Two of the officers, Louis Malone and Eddie Holland, ran their boat across the river to intercept the fishing boat. Their boat was rammed twice by the fishing boat and the fishermen began firing at the officers, three shots striking the conservation boat. The officers returned the fire.

After the jury had deliberated for a time they requested that a portion of the testimony of Officer Holland be read "whether he said two guns or one, whether they were fired, whether they fired the guns at the same time."

Defense counsel objected strenuously to the reading of the testimony of the witness. The objection was overruled.

Ordinarily, it is discretionary with the trial court to permit the reporter to read to the jury excerpts from the testimony of a witness, and unless it is apparent that such action is prejudicial to the defendant the judgment of the trial court will not be disturbed. Johnson v. State, 3 Ala.App. 155, 57 So. 499; Hull v. State, 232 Ala. 281, 167 So. 553; Autry v. State, 34 Ala.App. 225, 38 So.2d 348; Vandiver v. State, 37 Ala. App. 526, 73 So.2d 566.

In Hull, defense counsel agreed to the reading of a portion of the testimony.

In Autry, no objection was interposed. Consent was implied.

In Johnson and in Vandiver objection was not interposed until after the testimony had been read to the jury.

In the present case the testimony of the witness appears in the transcript, as does the excerpt which the court reporter read to the jury.

The testimony given by the witness from the stand is as follows:

"Q. All right, what happened next?

"A. As they hit, about the time they hit I heard what I thought was a shot from some kind of a gun,

\* \* \* \* \* \*

and I looked around, and when I looked around they were coming back up behind us this way, *and I could see Mr. Adams there with a rifle there shooting.*

"Q. Were they shooting at that time?

"A. Yes sir.

"Q. What did you do then?

"A. I turned Louis loose and got hold of my steering wheel and got my pistol and returned fire.

\* \* \* \* \* \*

"Q. Can you tell the jury approximately how many shots were fired at you before you fired at all?

"A. After the first shot, that I heard, that's when I told Louis to get down, *they might be shooting,* I looked around to see where they were, and of course, I had my motor back in gear, and all I could *see* they were further from us, and all I could see was the fire coming , from that rifle."

The excerpt read to the jury by the court reporter is as follows:

"Q. All right, what happened next?

"A. And I looked around, and when I looked around they were coming back up behind us, this way, and I *definitely know Adams there was using a rifle and shooting.*

"Q. Were they shooting at that time?

"A. Yes sir.

"Q. What did you do then?

"A. I turned Louis loose and got hold of my steering wheel and got my pistol and returned fire.

"Q. Can you tell the jury about how many shots were fired at you before you fired at all?

"A. After the first shot that I heard that's when I told Louis to get down, *I told him he might be shot.*

\* \* \* \* \* \*

"I looked around to see where they were, and of course, I had gotten my motor back in gear, and all I could *say* they were further from us, and all I could see was fire coming from that rifle."

Comparing the excerpt read by the reporter with the testimony of the witness, it is apparent there are substantial differences between them. The excerpt read by the reporter is considerably less favorable to defendant than the actual testimony of the witness.

We cannot say the allowing of this testimony to be read did not injuriously affect the substantial rights of the defendant. Supreme Court Rule 45, Code 1940, Title 7, Appendix.

The judgment is reversed and the cause remanded.

Reversed and remanded.