290 So.2d 209

**Jackie Howard MORROW**

v.

**STATE.**

**8 Div. 382.**

Court of Criminal Appeals of Alabama.

Aug. 28, 1973.

Rehearing Denied Sept. 25, 1973.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

Barnett, Tingle & Noble, Birmingham, for appellant.

TYSON, Judge.

The Grand Jury of Madison County, Alabama, charged the appellant with unlawful possession and sale of Lysergic Acid Diethylamide in violation of Title 22, Section 258(21–24), Code of Alabama 1940, as amended. After the Jury's verdict found appellant guilty as charged, he elected to be sentenced under the Alabama Uniform Controlled Substances Act,[1] and judgment fixed punishment at six years in the penitentiary. Appellant's motion for new trial was denied.

Phillip Weir testified that he was an employee of the Narcotics Division of the Huntsville Police Department. During the summer of 1970, he had been working as an undercover police officer buying narcotics in the City of Huntsville. On the day of appellant's arrest, July 3, 1970, Weir went to the apartment of an informer for the narcotics squad. Weir stated that the informer, Edward Otten, and his wife, Jackie, were present in the apartment when the appellant arrived, at approximately 7:00 p. m. According to Weir the following took place:

"He came in and Edward said, 'It's okay,' and I walked out then and Mr. Morrow came in and Eddie asked him did he have it and he said, 'Yes, I have got it with me.' And he took it out of a brown bag, a sack like a tobacco pouch and walked to his left there to the kitchen table and laid it on the table. And Ed said, 'How much is it,' and he said, 'It's going to be $60.00 in all.' And Otten turned around to me and said,

'Can you let me have the $60.00 now,' and I said 'Yes.' And I handed it to him and he handed it to Morrow. Otten said, 'Do you mind if I check it out,' and he said, 'No, go ahead.' They both sat down and I identified myself and arrested them both."

The pouch contained plant material and ten pills which were turned over to Vann Pruitt of the Alabama Department of Toxicology and Criminal Investigations. Pruitt testified that in his opinion the active constituent of the tablets consisted of Lysergic Acid Diethylamide also known as LSD and the plant material was identified as Marihuana.

The first witness for the defense was Bobbie Stapler. He testified that he had known appellant for seven or eight years and also knew Otten and Weir. He stated that in May of 1970 he had been at the Ho-Toy Club in Huntsville, where he had observed Otten start an argument with the appellant. Otten had invited the appellant outside where a fight had begun. Stapler further testified that he had heard Otten, who had gotten the worst of the fight, state to appellant, "I will get even with you, you son-of-a-bitch, one way or the other." The fight was allegedly over Otten's sister, Candy, who was with the appellant and whom he continued to date after the fight.

The appellant took the stand in his own behalf and stated that on or about June 10th, he had seen Otten again at the Ho-Toy Club and they had shaken hands. Otten gave appellant his phone number and invited him to come over some time. Around the first of July, appellant called Otten and was told to come over and they "would get some girls and have a pot party." Appellant's version of what transpired on his arrival was as follows:

"I knocked on the door and Otten come to the door and told me to come in. You could smell marijuana smoke as

1. Title 22, Section 258(25–60), Code of Alabama 1940, as amended 1971.

quick as you walked in the door, but I didn't see Mr. Weir. Otten's wife was sitting on the couch with a small baby and Otten invited me in and I sat on the couch. I asked him where was the party and he said he was sending his old lady somewhere and the girls would be out later. We walked over to the table and sat down and he picked up that pouch and he asked me if I wanted some marijuana and I said I guess and he asked me if I had some nonfilter cigarettes and about that time Weir came out of the bedroom or whatever he was and I told him I didn't have a nonfiltered cigarette. And Weir said he had one, he took the tobacco out of the cigarette and started packing the marijuana up in the cigarette and when he did Mr. Weir threw his badge down on the table and took his gun to the side of my head and laid me down on the floor. Me and Otten both and handcuffed my hands behind me."

He testified that the tobacco pouch was not his, and that it was lying on the dining room table when he first walked in. He denied selling any pills or Marihuana to either Otten or Weir.

### I

Appellant first cites as error the action of the trial court in overruling his demurrer to the indictment. Appellant argues that the demurrer should have been sustained because the indictment contained alternative averments in the same count.

The indictment reads (omitting formal parts):

" . . . Jackie Howard Morrow . . . did unlawfully possess, transport, deliver, sell, offer for sale, barter or give away, to-wit: Ten (10) tablets containing Lysergic Acid Diethylamide (L.S.D.–25), to, to-wit: Edward Otten (etc.). . . ."

It is well settled that when offenses are charged in the alternative in the same count of an indictment, each alternative must state a complete offense. Vann v. State, 44 Ala.App. 664, 219 So.2d 649; Gilbreath v. State, 23 Ala.App. 162, 122 So. 309; Abercrombie v. State, 8 Ala.App. 326, 62 So. 966; and Title 15, Section 249, Code of Alabama 1940.

In Clark v. State, 19 Ala. 552, the Supreme Court stated:

"It has been repeatedly held by this court, that where a statute creates a new offence, all the law requires is a description of the offence in the indictment in the terms of the statute enacting it. [Cases cited]"

Appellant was indicted under Title 22, Section 258(21), Code of Alabama 1940, which reads:

"It shall be unlawful for any person to possess, transport, deliver, sell, offer for sale, barter, or give away in any form whatever in this state, lysergic acid diethylamide (LSD–25) . . . ."

Having followed the wording of the statute, we hold the indictment to be sufficient.[2] Lucy v. State, 46 Ala.App. 484, 243 So.2d 756.

### II

Appellant next argues that the trial court erred in allowing into evidence the Marihuana that was contained in the leather tobacco pouch along with the LSD.

In Lackey v. State, 41 Ala.App. 46, 123 So.2d 186, cert. den. 271 Ala. 699, 123 So. 2d 191, this court said:

" 'As a general rule, articles, including those found at the scene of the crime, which are properly identified and which tend to show the commission of the crime or the manner in which it was committed, or to elucidate some matter in issue, are admissible in evidence for inspection and observation by the jury.' 22 C.J.S. Criminal Law § 709, p. 946."

2. Cf. Tadlock v. State, 45 Ala.App. 246, 228 So.2d 859; Duin v. State, 47 Ala.App. 693,

260 So.2d 599, reversed on other grounds, 288 Ala. 329, 260 So.2d 602.

Even though the Marihuana is evidence of another distinct criminal act, it was admissible as relevant to the crime charged as being part of the same transaction, and therefore part of the res gestae. Lambert v. State, 48 Ala.App. 600, 266 So. 2d 812; Mason v. State, 259 Ala. 438, 66 So.2d 557; and Grant v. State, 250 Ala. 164, 33 So.2d 466.

Appellant also objected to the action of the trial court in allowing Mr. Pruitt, the Toxicologist, to testify as to the effect on the human body of some "treated" Marihuana that he had furnished to the Police Department. The objection was on the ground that it was irrelevant and immaterial. The purpose of the testimony was to show that, although the cigarettes being smoked by the undercover agents smelled like Marihuana, the active constituents had been removed by Pruitt, and the remaining ingredients would have no effect on the person smoking it. This subject was first raised by the defense on cross-examination of Officer Weir and we deem it therefore a proper ground of inquiry.

### III

The court in its oral charge to the jury stated:

"Additionally, ladies and gentlemen, it has been shown in this case that the Defendant and a witness has been convicted of a crime involving moral turpitude and as to any such witness that testified, you are authorized to take into account that fact and the law says that as to any such witness you are authorized to disregard their testimony. You are not bound to do so, but you may do so if you see fit. That is as to any witness that you find has been convicted of a crime or some crime which involves moral turpitude."

This part of the oral charge was excepted to by defense counsel.

Here the trial court instructed the jury that they were authorized to disregard the testimony of a witness convicted of a crime involving moral turpitude if they saw fit, but they were not bound to do so. There was no error in this part of its oral charge. Title 7, Section 434, Code of Alabama 1940.

### IV

After the jury had begun its deliberations, there was a request by members of the jury to have the testimony of Officer Weir read back. Appellant objected to only a portion being read back unless all of Weir's testimony was read back. From the record:

"BY THE COURT REPORTER: 'Question: All right, sir. Could you tell us what took place when this Defendant arrived, please, sir? Answer: He came in and Edward said, "It's okay," and I walked out then and Mr. Morrow came in and Eddie asked him did he have it and he said, "Yes. I have got it with me." And he took it out of a brown bag, a sack like a tobacco pouch and walked to his left there to the kitchen table and laid it on the table. And Ed said, "How much is it," and he said, "It's going to be $60.00 in all." And Otten turned around to me and said, "Can you let me have the $60.00 now," and I said, "Yes." And I handed it to him and he handed it to Morrow. Otten said, "Do you mind if I check it out," and he said, "No, go ahead." They both sat down and I identified myself and arrested them both.' "

In Autry v. State, 34 Ala.App. 225, 38 So.2d 348, this court stated:

" . . . Where a jury itself requests that certain testimony be read over to them by the court reporter, to refresh their recollection concerning it, the emphasis on this portion of the testimony is already inherently present in the jury's mind, and certainly the mere rereading of the requested portion of the testimony, to clarify the jury's recollection thereof cannot add any emphasis not already present as to such testimony. . . ."

In the instant case, we find the excerpt read back to be an accurate account· of Weir's testimony, and therefore find no prejudice to the appellant. Supreme Court Rule 45; Title 7, Appendix, Code of Alabama 1940. Adams v. State, 46 Ala.App. 402, 243 So.2d 386, is not applicable here.

### V

Appellant submitted thirteen written requested charges, all of which were refused. We have carefully reviewed each and find that they were either affirmative in nature or not properly predicated on the evidence in this case, or were fully and substantially covered in the trial court's oral charge. Title 7, Section 273, Code of Alabama 1940.

We have carefully reviewed the entire record, as required by Title 15, Section 389, Code of Alabama 1940, and having found no error therein, the cause is due to be and the same is hereby

Affirmed.

All the Judges concur.