304 So.2d 904

**L. C. ISBELL**

v.

**STATE.**

**8 Div. 535.**

Court of Criminal Appeals of Alabama.

Dec. 17, 1974.

No brief for appellant.

William J. Baxley, Atty. Gen., Montgomery, Alston Keith, Jr., Sp. Asst. Atty. Gen., Selma, for the State.

CLARK, Supernumerary Circuit Judge.

Appellant-defendant was charged in a two-count indictment with selling, furnishing or giving away amphetamine, a controlled substance as listed in the Alabama Uniform Controlled Substances Act (Act No. 1407, Acts of Alabama 1971), now found in Title 22, §§ 258(25)–258(60), Code of Alabama Recompiled, 1973 Cumulative Supplement. After a demurrer to the indictment was overruled, defendant went to trial on a plea of not guilty and was found guilty by a jury, which did not assess any fine or attempt to impose any other kind of punishment. He was sentenced by the court to imprisonment in the penitentiary for a term of ten years. His employed counsel represented him throughout the trial and pretrial proceedings and duly filed a motion for a new trial, which was overruled.

■ The demurrer to the indictment assigned general grounds, as well as the specific grounds that the indictment failed to allege where the offense took place and that it failed to allege to whom the alleged drug was sold.

Since 1877 the appellate courts of Alabama have uniformly held, in reliance upon statutory authority, now found in Code of Alabama, Title 15, § 238, that it is not necessary to state in the indictment the place of the alleged crime. Sparks v. State, 59 Ala. 82 (1877); Boswell v. State, 290 Ala. 349, 276 So.2d 592 (1973).

Whether it is necessary for an indictment charging a sale in violation of the Controlled Substances Act to contain the name of the vendee has been resolved adversely to appellant in Adkins v. State, 291 Ala. 695, 287 So.2d 451.

■ The indictment followed the wording of the statute. It charges more than one offense, but the offenses charged "are of the same character, and subject to the same punishment" and are properly chargeable "in the same count in the alternative." Title 15, § 249, Code of Alabama. Coleman v. State, 290 Ala. 346, 276 So.2d 589; Morrow v. State, 52 Ala.App. 145, 290 So.2d 209, cert. denied 292 Ala. 743, 290 So.2d 213.

■ There was direct and positive testimony by an "intelligence agent" of the Madison County Sheriff's Department that he went to the trailer and garage of defendant, told him he heard defendant had some good "pills" for sale; defendant replied that he did, left the witness and returned with a frosted bottle of tablets, sold the witness twenty-two of them, for which the witness paid defendant $20.00 as the agreed upon purchase price. With no break in the chain of evidence, the tablets were examined by an employee of the State of Alabama, Department of Toxicology and Criminal Investigation, Huntsville Division, whose qualifications "regarding identification of drugs and things like that" were admitted by defendant, who testified that eleven of the tablets, the ones examined by the witness, contained amphetamine. A third witness for the State corroborated some of the details of the "intelligence agent." The defendant offered no evidence.

Grounds of the motion for a new trial alleging that the verdict was contrary to the weight of the evidence are not substan-

tiated by the evidence, and the trial court was not in error in its ruling accordingly.

■ Another ground of defendant's motion for a new trial relates to the denial of a motion for a continuance. The ground was predicated upon an alleged "failure of the State to produce the laboratory report of Witness Adar [sic] as directed previously by Court's Order." There was a mass of argument and testimony dealing with the motion for a continuance. Counsel for State and counsel for defendant testified. It seems that there had not been literal compliance with a pretrial order as to the production of the document, but it also seems that there is basis in the evidence relative to the motion for a conclusion that the defendant should have made the motion for a continuance earlier, particularly when the case was called the day it was set for trial. It seems clear that at that time neither a motion for a continuance nor a request for any relief relative to any failure on the part of the State to produce the document was made. The overruling of defendant's motion for a continuance was well within the discretion properly reposed in the trial court. Furthermore, the record convinces us that defendant suffered no injury as a result of the particular ruling, that is, the defendant would not have been in any better position to defendant the case at a later time than he was at the time of trial.

■ Although some of grounds eight through twenty-two of defendant's motion for a new trial are specific as to alleged errors of the trial court, most of them relating to rulings against defendant as to overruling objections of defendant to questions propounded by the State to witnesses, sustaining objections to questions asked witnesses by counsel for defendant, allegedly criticizing defense counsel in the presence of the jury and allegedly displaying hostility toward defendant and his counsel, are too indefinite to require separate consideration. Nevertheless, we have considered all of the rulings, all of the evidence and proceedings in the transcript of the ev-

idence, and the record proper, and we are convinced thereby that no error prejudicial to the defendant was committed by the trial court and that the charges of judicial improprieties are inordinate.

■ The twenty-third and last ground of the motion for a new trial alleges that the trial court "erred in its charges to the jury relating to punishment upon conviction of defendant which could be determined by the jury in that said charges were contrary to law." The charge as to punishment was as follows:

"One form of the verdict would be, we, the jury, find the defendant guilty as charged. Another form of the verdict would be, we, the jury, find the defendant guilty as charged and fix his fine at blank dollars, but not to exceed $25,000.-00, and I might say that any fine that might be fixed by the jury would be in addition to punishment that is the duty of the Court to fix in the event of a conviction."

By Section 335, Title 15, Code of Alabama, a "jury shall fix and determine the amount of the fine" and by Section 336, "When an offense may be punished, in addition to a fine, by imprisonment . . . the jury shall not be required to impose a fine; but, if in their judgment, the defendant should only be punished in some other mode, may, in such case, only find him guilty and leave the imposition of the punishment to the court." The quoted charge is in conformity with the quoted statutory law on the subject.

■ Upon passing sentence upon defendant the trial judge stated to defendant, in the presence of his counsel, that he had the right to appeal and asked if he needed any financial help with the appeal, to which his counsel replied "Yes, sir, he will." Thereafter the trial judge amply stated the rights of defendant as to counsel on appeal and a free transcript and called attention to the requirement of the filing of a petition within ten days. Code of Alabama, 1973 Cumulative Pocket Part, Title

15, §§ 380(14)–380(19). In the course of the discussion, the trial judge inquired of defendant's counsel if he felt that his employment "to date would carry through at least the filing and the hearing on a petition for a free transcript and for the appointment of an attorney by the State, the expense to be borne by the State" and defendant's counsel replied "I would think so." Within the ten-day period said counsel for defendant filed a petition with a prayer that the court "direct and order that the transcript of the evidence be prepared and that the costs incurred in such preparation be paid by the State of Alabama." Upon a hearing of the petition the court found that defendant "should be furnished with a free transcript" and ordered that the same with three carbon copies be prepared by the court reporter. The certificate of the official court reporter of June 28, 1974, certifying as to the truth and correctness of the transcript, also certifies that on that day attorneys for defendant and the attorney for the State were notified of "the filing of this transcript by placing a notice of said filing in the United States Mail, properly addressed to each and postage prepaid."

In the order as to the petition for a free transcript, it is stated "The Court notes that on said hearing the defendant testified that he had *satisfactory arrangements made* for counsel to represent him on his appeal."

We would have preferred for whatever counsel that appellant has to have favored us with a brief, but we have received no brief for appellant. The possibility of some misunderstanding is not ignored by us, but as the record shows substantial compliance with Title 15, § 318(4) Code of Alabama 1940, 1973 Pocket Part, enacted to insure that an indigent defendant will be provided free counsel if indigent and if he so desires, and as the record also shows that defendant and counsel of his own selection and employment came to a full understanding with the trial judge as to defendant's rights relative to counsel on appeal and that defendant's counsel on the trial was given notice of the filing of the transcript of evidence and proceedings, and as brief of counsel for appellee shows service of a copy thereof on defendant's counsel of record, we hardly see a basis for any likelihood of a misunderstanding. It is our duty under the circumstances, we feel, to dispose of the appeal at this time. In this connection, it should be noted that in Isbell v. State, (July 30, 1974) Ala. App., an appeal by this same defendant from the same court of a conviction of a violation of the same law involved here, in which no brief was filed for appellant, the judgment of conviction and sentence was affirmed and in Culbert v. State, 52 Ala. App. 167, 290 So.2d 235, an appeal from the same court, this Court in writing to an affirmance, without the benefit of a brief for appellant, stated:

"We note from the colloquy at the close of trial that the appellant was not an indigent within the meaning of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; and Caton v. Alabama, 392 U.S. 645, 88 S.Ct. 2298, 20 L.Ed.2d 1355."

In response to our duty under Title 15, Section 389, Code of Alabama 1940, we have searched the entire record for prejudicial error and have found none. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

All the Judges concur.