First degree murder; sentence: life imprisonment.
The State's evidence indicates that the appellant and the victim, David Milano, were prisoners in the Madison County Jail. On November 2, 1978, the appellant and Milano engaged in an argument over some bed linens that belonged to another inmate by the name of Michael Congo. During the course of the argument, a fight ensued wherein Milano was fatally stabbed by the appellant.
 I
The appellant contends that repeated questions by the district attorney concerning an alleged homosexual relationship between the appellant and Michael Congo were without probative value and were prejudicial and highly inflammatory so as to prejudice the jury against the appellant.
The State's evidence tended to prove that the appellant was the cell block "boss" or that he "ran" the cell block in which he was incarcerated. It also tended to show that Michael Congo was a cellmate of the appellant and that the victim, David Milano, was a weight lifter and a very muscular person. The district attorney was apparently attempting to show that there was a homosexual relationship between the appellant and Congo and that the fight with Milano was in some way connected with or grew *Page 1276 
out of that relationship. We say "apparently" because the trial court sustained objections to that line of questioning, and the district attorney's attempts never bore fruit.
The first incident complained of is as follows:
 "Q. Michael Congo, wasn't he sort of Monk's honey, so to speak?
 "MR. MASON: Your Honor, we are going to object again to the leading. It also calls for an opinion of the witness.
 "THE COURT: Sustained. Mr. Hooper, don't lead your witness.
 "Q. Do you know of any relationship between Mr. Kennedy and Mike Congo?
 "MR. MASON: Your Honor, we are going to object. The materiality is completely lacking. It has no probative value in this case.
"THE COURT: I don't see the materiality either.
 "MR. HOOPER: Your Honor, I expect to show that this was the reason —
 "MR. MASON: Your Honor, we are going to object to any testimony from the District Attorney in front of the jury. "(Consultation between Court and Counsel.)
"THE COURT: Restate your question.
 "Q. Gordon, do you know of any relationship between Monk and Michael Congo?
"A. They were friends in the cell. That's all I know.
"Q. Just friends?
"A. Yes."
As to the first question concerning "Monk's honey," the grounds stated for the objection were that the question was leading and that it called for an opinion from the witness. The trial court sustained the objection. The district attorney then asked if the witness knew of any relationship between the appellant and Congo, to which objection was made on the ground that it lacked materiality and had no probative value. The trial court agreed, but made no ruling. An off-the-record conference at the bench between the court and the attorneys followed, after which the prosecution rephrased the question and elicited the answer that the appellant and Congo were just friends.
Specific grounds of objection waive all grounds not specified, and the trial court will not be put in error on grounds not assigned. The appellant is bound by the grounds stated when he made his objection. Franklin v. State, Ala.Cr.App., 357 So.2d 364, cert. denied, Ala., 357 So.2d 368
(1978); Slinker v. State, Ala.Cr.App., 344 So.2d 1264 (1977).
Where the trial court sustains an appellant's objection to a question, there is no error on the part of the trial court for this court to review. This court may only review rulings of the trial court which are adverse to the appellant. Weatherford v.State, Ala.Cr.App., 369 So.2d 863, cert. denied, Ala.,369 So.2d 873 (1979); Stinson v. State, 56 Ala. App. 312,321 So.2d 277 (1975). Likewise, it is a well settled rule that improper questions which are not answered are harmless. Strickland v.State, 269 Ala. 573, 114 So.2d 407 (1959); Woods v. State, Ala.Cr.App., 344 So.2d 1225 (1976), cert. quashed, Ala.,344 So.2d 1230.
As to the last question quoted above, no objection was interposed, no ruling was made by the trial court, and the question elicited an answer favorable to the appellant.
Much later in the trial, on redirect examination of witness Bill Jones, the prosecutor asked:
 "Q. Let me ask you one more question. Do you know whether or not Mr. Congo and Mr. Kennedy had kind of a special relationship?
 "MR. MASON: Your Honor, we will object to that. It's immaterial.
"THE COURT: Sustained."
Again, the trial court gave a favorable ruling to the appellant, and the question went unanswered. No error resulted.
At the end of the State's case in chief, the appellant moved for a mistrial because of the "highly inflammatory statements" *Page 1277 
of the prosecutor concerning "the alluded-to homosexuality between Mr. Kennedy and Mr. Michael Congo." The trial court overruled the motion, and the defense proceeded with its case. The Supreme Court of Alabama in Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967) stated:
 ". . . it is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion. . . ."
In Meredith v. State, Ala.Cr.App., 370 So.2d 1075, cert. denied, Ala., 370 So.2d 1079 (1979), this court stated:
 ". . . the general rule is that prejudicial statements, even though improper, are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both. . . ."
Our holding in this regard may be summed up by quoting from a prior holding on a similar issue by this court in Donahoo v.State, Ala.Cr.App., 371 So.2d 68, cert. denied, Ala.,371 So.2d 74 (1979):
 "The defendant's objections were sustained in all except one of the occasions cited. These occurrences were not overwhelming in number. They did not evidence a `persistence' on the part of the prosecution to present illegal facts prejudicial to the defendant, nor did they indicate a general course of prejudicial appeal to the jury. In our judgment, they did not give the appearance of argument so grossly improper and highly prejudicial that it was ineradicable by proper ruling of the trial court. . . . The motions for mistrial were therefore properly overruled."
 II
The trial court gave sixteen written charges to the jury requested by the appellant. The trial court, however, refused twenty-three other requested charges which the appellant contends amounted to reversible error. We have reviewed the sixteen given charges and the twenty-three refused charges as well as the extensive oral charge given by the trial court. We find that such of the refused charges which amounted to correct statements of the law under the evidence were substantially and fairly covered in either the trial court's oral charge or in charges given at the request of the appellant. Section12-16-13, Code of Ala. 1975; Morrow v. State, 52 Ala. App. 145,290 So.2d 209 (1973), cert. denied, 292 Ala. 743,290 So.2d 213.
AFFIRMED.
All the Judges concur.
 *Page 1