Billy E. Minor was indicted for the "first degree murder" of Clarence Guyton "by shooting him with a gun or pistol." The jury found the appellant "guilty as charged" and the trial court fixed punishment at life imprisonment.
On March 24, 1979, Billy E. Minor shot Clarence Guyton with a .380 caliber pistol. Mr. Guyton was unarmed at the time.
The incident occurred during a "card game" at the trailer home of Teddy Joe and David Black. Teddy Joe Black was highly intoxicated when the shooting occurred because he and Clarence Guyton and the appellant had been "out" drinking earlier.
David Black testified that the shooting occurred just after Mr. Guyton returned to the trailer after using a nearby restroom. David had tried to hurry Mr. Guyton who exclaimed that David was not "his boss." The appellant then jumped up, pulled his pistol and told Mr. Guyton that the pistol made him (the appellant) "the boss." According to David Black, appellant then jumped around the table, grabbed Mr. Guyton around the neck, cocked the pistol and pointed it at Mr. Guyton's head. David then left the room to go to the bathroom. Seconds later he heard a gunshot and returned to the room in time to see Mr. Guyton fall to the floor with a fatal wound to the neck. David "slipped out" behind the appellant and called the police who later arrested the appellant.
The appellant did not deny that he shot and killed Mr. Guyton nor did he deny that Mr. Guyton was unarmed. Appellant claimed, however, that he shot in self-defense after Mr. Guyton had come toward him with his hand in his pocket. The appellant claimed that he knew Mr. Guyton's reputation for violence and that he pulled his gun only because he thought Mr. Guyton was reaching in his pocket for a weapon. A brief skirmish followed during which the appellant shot Mr. Guyton.
The jury chose to disregard the appellant's claim of self-defense in spite of evidence of Mr. Guyton's (the deceased) bad character. *Page 1122 
 I
After the appellant had testified that he acted in self-defense, the prosecutor on cross-examination asked him whether or not he had a bad reputation and whether or not he had ever shot anyone else. Both questions were objected to by defense counsel because the appellant had not previously introduced evidence of his good character. Both of appellant's objections were sustained and the trial court instructed the jury to disregard the improper questions. (R. 71-73). The trial court then received no response when the trial judge asked the jurors to raise their hands if they could not put the illegal questions out of their minds.
Appellant's sole argument on this appeal is that the questions regarding his bad character were so prejudicial that they were ineradicable by the efforts of the trial judge. He, therefore, asserts that his subsequent motion for a mistrial should have been granted. We disagree.
We need not determine whether or not the questions of the prosecutor in this instance were proper because it is the general rule in Alabama that even improper questions are rendered harmless when timely objections are made by defense counsel and sustained by the trial court, so that the witness is never allowed to answer them. Strickland v. State, 269 Ala. 573, 114 So.2d 407 (1959); Woods v. State, 344 So.2d 1225
(Ala.Cr.App. 1976), cert. denied, 344 So.2d 1230 (Ala. 1977);Grey v. State, 369 So.2d 889 (Ala.Cr.App. 1979); Kennedy v.State, 373 So.2d 1274 (Ala.Cr.App. 1979).
Moreover, where, as here, the trial court acts promptly to impress upon the jury that improper questions are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed. Woods, supra; Brown v.State, 366 So.2d 334 (Ala.Cr.App. 1978); Grey, supra. This is especially true where the jurors do not respond when asked to inform the trial court if they have been prejudiced by the improper questions. Grey, supra.
We hold that any potential prejudice in the minds of the jury, due to the alleged improper questions, was eradicated by the prompt actions of the trial judge. This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.