Bonnie Harold TYRA and Brenda Scroggins
Tyra, Appellants,

v.

The STATE of Texas, Appellee.

No. 46248.

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

Victor R. Blaine, Houston, for appellants.

Carol S. Vance, Dist. Atty., Phyllis Bell, Warren White, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for possession of marihuana. The punishment for Bonnie Harold Tyra was assessed at life imprisonment. Brenda Tyra's punishment was assessed at ten years, probated.

The jointly indicted appellants both entered pleas of not guilty and were tried before a jury. The appellants attack the sufficiency of the evidence and contend that the warrant and affidavit are insufficient and complain that evidence not named in the warrant was introduced. We affirm.

*Sufficiency of the Evidence*

Some 460 grams of marihuana were found as the result of the search. Appellants argue that the evidence indicated that other persons possibly lived at the apartment which was searched and, therefore, they were not shown to be in actual control and possession of the narcotics. It is

further argued that the State failed to prove that appellants had knowledge of the presence of narcotics.

Officer Carlos Avilla, along with other officers of the Houston police department, went to 5518 Irvington, Apartment #8, to execute a search warrant. When Officers Avilla and Smith first knocked on the door no one answered. As they were returning to their car they were informed by Officer Halm that a man and woman had just come out of the apartment. Officer Avilla testified that he turned around toward the appellant and asked him if he were Bonnie Tyronne. Appellant replied that he was. They then identified themselves to appellant as narcotics officers and gave him a copy of the search warrant. During a pat-down search, a loaded .22 caliber pistol was found in appellant Bonnie Tyra's left rear pocket. Officer Avilla then recovered 18 baggies of marihuana, a small scale, and two "roach" holders from the table in the kitchen. Also, he found loose marihuana scattered about the top of the table. Officer B. W. Halm testified that he recovered three spoons and syringes from a drawer in the bathroom. These were shown to have a residue of heroin on them. Officer J. C. Smith testified that he recovered a small plastic vial of marihuana seeds and a vial containing 34 white tablets from a cabinet in the kitchen. The white tablets were later identified as amadone. Floyd McDonald, a chemist and toxicologist for the Houston police department, testified that some 18 "baggies" contained 460 grams of marihuana. The evidence reflects that appellants resided at Apartment #8 in the apartment house located at 5518 Irvington.

■ The evidence is sufficient to show that the appellants had such "control and custody" of the marihuana seized to constitute possession. Yantis v. State, Tex. Cr.App., 476 S.W.2d 24.

*Sufficiency of Search Warrant*

■ Contention is made that the marihuana and narcotic paraphernalia seized from appellants' premises should not have been admitted because the search warrant was directed to a person other than appellant, Bonnie Harold Tyra. The search warrant named Bonnie Tyronne. Officers Avilla and Smith both testified that the appellant Bonnie Tyra replied affirmatively when asked if he was Bonnie Tyronne. There being probable cause for the search warrant to issue and the warrant authorizing the search of the apartment and the arrest of Bonnie Tyronne, if in fact this was a different person, included the right to search appellant as well as the premises described therein. See Johnson v. State, Tex.Cr.App., 440 S.W.2d 308.

Both the affidavit and the search warrant contain a description of the premises as well as the street address of the apartment complex and the number of the unit to be searched.

■ Appellants apparently contend that each part of the affidavit must be able to stand alone. The first portion describes the premises in detail while the lower portion gives the street address. The affidavit must be viewed in its entirety. The test for determining sufficiency of a search warrant's description of the place to be searched is whether the description is sufficient to apprise officers of the place where they are to conduct the search, and where the warrant describes a multi-unit dwelling, the description must contain sufficient guidance to apprise the officers of the particular unit to be searched. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739.

We hold the search warrant and the affidavit are sufficient.

*Admission of Evidence Not Listed in the Warrant*

Next, appellants argue that the trial court erred in admitting the amadone pills, spoons and syringes into evidence. They

contend that the items were not admissible because the search warrant was issued only to find heroin and marihuana, that their introduction was prejudicial and that the items were not connected with the offense charged.

 The pills contained amadone, a narcotic, and the three spoons and syringes found in the apartment were shown to contain traces of heroin. In a prosecution for possession of illegal drugs or narcotics other illegal drugs or narcotics found at the same time and place are admissible since they are part of the same transaction. Miller v. State, Tex.Cr.App., 469 S.W.2d 180.

This evidence, as well as the gun taken at the time of the arrest, was properly admitted.

No reversible error being shown, the judgment is affirmed.