317 So.2d 345

**In re Jerry Dean BRANTLEY**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 925.**

Supreme Court of Alabama.

Jan. 9, 1975.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

No brief for respondent.

MADDOX, Justice.

The defendant was indicted for possession of marijuana, a felony. He was convicted of possessing it for personal use, a misdemeanor. Title 22 § 258(47), Code of Alabama 1940. The Court of Criminal Appeals reversed and remanded, holding that the admission of LSD tablets and a packet of Cocaine powder found in defendant's home along with the marijuana was prejudicial error. This Court granted the State's petition for writ of certiorari to review that holding.

The only question presented is whether the admission of the LSD and Cocaine into evidence was prejudicial error. We hold that it was not, under the facts and circumstances of this case.

The Court of Criminal Appeals, 55 Ala. App. 493, 317 So.2d 337, in holding the admission of the LSD and Cocaine to be reversible error, said:

"These 'hard drugs or other controlled substances,' i. e., the LSD tablets and Cocaine powder, have no relevancy to the character of the drug here at issue. *Tadlock v. State,* 45 Ala.App. 246, 228 So.2d 859; *Parks v. State,* 49 Ala.App. 32, 268 So.2d 498, cert. denied 289 Ala. 749, 268 So.2d 501; *Van Nostrand v. State,* 51 Ala.App. 494, 286 So.2d 903, cert. denied 291 Ala. 799, 286 So.2d 906."

Generally, evidence of other separate and distinct criminal acts is inadmissible, since the only facts laid before the jury should consist exclusively of the transaction which forms the subject matter of the indictment, which alone the defendant is called upon to answer. *Hinton v. State,* 280 Ala. 48, 189 So.2d 849 (1966). There is, however, a well-recognized exception to this general rule. In *Garner v. State,* 269 Ala. 531, 114 So.2d 385 (1959), this Court said:

" * * * Evidence of other distinct criminal acts is admissible when relevant to the crime charged, as bearing on scienter, intent, motive, res gestae, or to establish the identity of the accused (and perhaps as bearing on the issue of insanity when that defense is pleaded in the case.—See 'The Law of Evidence in Alabama' by Honorable J. Russell McElroy, § 61, pp. 19–20; 1 Wharton's 'Criminal Evidence', 10th Ed., p. 156, § 41.) The authorities also recognize such an exception to show system or plan usually to identify the accused or to show intent. Wharton's, supra, p. 146, § 39. But even under the exceptions noted they or one of them is admissible only when the evidence is relevant to the crime charged. *Noble v. State,* 253 Ala. 519, 45 So.2d 857."

In *Morrow v. State,* 52 Ala.App. 145, 290 So.2d 209 (1973), the Court of Crimi-

nal Appeals allowed the introduction of marijuana into evidence in a prosecution for possession of LSD. Except for the fact that in *Morrow* the marijuana was in the same pouch as the LSD, the other facts of *Morrow* are not materially different from the facts here.

Apparantly, this Court has not ruled on the question of the admissibility of other controlled drugs, which are found at one time at the scene of a crime, where the accused is charged with the possession, sale or use of drugs. Other states have considered the question, however.

In *Miller v. State,* 469 S.W.2d 180 (Tex.Cr.App.1971), the court held that three barbiturate capsules and two hand-rolled cigarettes, plus a packet and balloon containing heroin, found by narcotic officers at the time they entered defendant's apartment, pursuant to a valid search warrant, where admissible in a prosecution for the offense of possessing heroin. The Court said that other "illegal drugs or narcotics found at the same time and place are admissible, as they are part of the res gestae of the offense."

Similarly, in *Tyra v. State,* 496 S.W.2d 75 (Tex.Cr.App.) cert. denied 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973), a prosecution and conviction for possession of marijuana, officers searched defendant's apartment pursuant to valid warrant to find heroin and marijuana. They found large quantities of marijuana. In addition, officers found a scale, two "roach" holders, amadone pills, and three spoons and syringes which were shown to contain traces of heroin.

In *Tyra,* the accused contended that the introduction of the pills, spoons, and syringes was prejudicial, and that the items were not connected with the offense charged. The Court said that in a drug possession case, other illegal drugs found at the same time and place are admissible since they are part of the same transaction. The Supreme Court of the United States denied certiorari. Arizona seems to permit the state to show the "complete story." See *State v. Villavicencio,* 95 Ariz. 199, 388 P.2d 245 (1964) [a drug possession case].

Brantley was charged with the offense of possessing marijuana, a felony. Possession of marijuana for personal use is a misdemeanor. The fact that Brantley possessed other drugs in the trailer where the marijuana was found and the fact that he had scales and a pipe would show the "complete story," and would be relevant on the issue on whether Brantley possessed marijuana with an intent other than for his personal use. The admission of the other drugs by the trial court was not erroneous in this case. The Court of Criminal Appeals erred; therefore, its judgment is reversed and remanded.

Reversed and remanded.

MERRILL, BLOODWORTH, McCALL and JONES, JJ., concur.

HEFLIN, C. J., and COLEMAN, HARWOOD and FAULKNER, JJ., dissent.