HARRIS, Presiding Judge.
Appellant was convicted in the Circuit Court of Franklin County for possession of controlled substances, to-wit: amphetamines and butabarbital. Prior to trial appellant was found to be indigent and the Court appointed counsel to represent him and at arraignment he pleaded not guilty. After sentence was imposed appellant gave notice of appeal and was furnished a free transcript. Trial counsel represents the appellant on this appeal.
The trial jury found appellant guilty as charged in the indictment and declined to assess a fine. The trial court sentenced appellant to forty-two months in the penitentiary and ordered that he be given credit for 175 days he spent in jail awaiting trial.
Appellant was put to trial upon a two-count indictment, which, omitting the formal parts, reads as follows:
“The Grand Jury of said county charge that before the finding of this indictment
“Count I: Terry Wayne Flippo, whose name is unknown to the Grand Jury other than as stated, on February 7, 1977, did knowingly and intentionally possess, furnish, give away, sell, dispense or distribute 54l/2 tablets, the principle (sic) ingredient of which was amphetamine, a controlled substance;
“Count II: The Grand Jury of said county further charge, that before the finding of this indictment, Terry Wayne Flippo, whose name is unknown to the Grand Jury other than as stated, on February 7, 1977, did knowingly and intentionally possess, furnish, give away, sell, dispense or distribute 6 capsules, the principle (sic) ingredient of which was butabarbital, a controlled substance, against the peace and dignity of the State of Alabama.”
The testimony presented by the State clearly proved the allegations of the indictment. Appellant did not testify nor did he offer any evidence in his behalf.
At the conclusion of the State’s case, the appellant moved to exclude the State’s evidence for failure to make a prima facie case. This motion was overruled and this puts us to a recital of the State’s evidence.
Burns Saint, an investigator for the Rus-sellville Police Department, testified that on February 7, 1977, he and Officers Tid-well and Potter executed a warrant for the arrest of appellant. Tidwell made the actual arrest.
Denver Tidwell testified that upon arresting appellant he conducted a pat-down for weapons. While doing this Tidwell felt *1186 a hard object in appellant’s right front pants pocket. Tidwell removed a rolled plastic bag containing numerous pills and capsules. This bag, Tidwell testified, was taken to the Department of Toxicology in Florence, Alabama.
Elaine Scott testified that she was a Crime Lab Analyst with the Department of Toxicology in the Florence office. On February 9, 1977, Miss Scott received a plastic bag, containing numerous pills and capsules, from Officer Tidwell. After certain tests, Miss Scott determined that fifty-four and a half pills contained amphetamine; six capsules contained butabarbital.
When this bag was offered into evidence, appellant objected that there had been no identification as to which capsules and pills in the bag contained the controlled substances.
From the record:
“MR. BEUOY: Your Honor, we object to it on the ground the indictment charges two counts, each involving different kinds of drugs and the pills in this package, there are many different kinds, all different kinds of colors and they have not been identified as to which ones fit which drug that the defendant has been accused of possessing.
“THE COURT: Miss Scott, did you examine any different colored pills or capsules out of the package?
“MISS SCOTT: Yes sir.
“THE COURT: Do they all contain the same things?
MISS SCOTT: No sir. The pink tablets in there, the peach colored contain amphetamines and the purple and white contain butabarbitol.
“THE COURT: Are they the only ones in the package that contained any controlled substance?
“MISS SCOTT: They are the only ones I analyzed.
“THE COURT: All right, I overrule.
“MR. BEUOY: We accept.”
Appellant contends that it was highly prejudicial to admit the entire contents of the plastic bag into evidence, since an inference could be drawn that all of the tablets and capsules contained controlled substances. Appellant relies on DeGruy v. State, 56 Ala.App. 521, 323 So.2d 406, certiorari denied 295 Ala. 399, 323 So.2d 411. There, it was held that evidence of five packets of heroin, recovered in a search, was inadmissible as irrelevant and prejudicial in a prosecution for marijuana.
In Morrow v. State, 52 Ala.App. 145, 290 So.2d 209, this Court held that it was not error to admit into evidence marijuana in a prosecution for possession of LSD. These two substances were in a tobacco pouch and the admission of the marijuana was valid as part of the res gestae.
In Brantley v. State, 294 Ala. 344, 317 So.2d 345, the Supreme Court held that other controlled substances were admissible in a prosecution for possession of marijuana to show the “complete story,” and to shed light on the issue of whether the defendant possessed the marijuana with an intent other than for his personal use. Appellant contends that the admission of other controlled substances into evidence in a prosecution for possession of a particular controlled substance is limited to the fact situation of Brantley, supra. He views DeGruy as the controlling authority in this case.
We do not agree. This Court, subsequent to the decision in DeGruy, supra, has applied Brantley, supra, in cases involving a multiplicity of drugs in evidence, for the general proposition that they are admissible as a part of the res gestae and one transaction or occurrence. Napier v. State, Ala.Cr.App., 338 So.2d 463(possession of quaalude, morphine, pantapon, and methamphetamine); Smith v. State, Ala.Cr.App., 351 So.2d 668 (possession of pethidine), certiorari denied, Ala., 351 So.2d 675. In Smith, supra, police recovered a shoe box containing 956 pills, three more bottles of pills in an automobile, and one bottle of pills on a dresser. Only the bottle of pills found on *1187 the dresser was identified and all of the pills were admitted into evidence as part of the res gestae. This Court held that such action was expressly approved by the Supreme Court in Brantley, supra. Smith, supra, at 675.
The evidence was sufficient to sustain appellant's conviction. Appellant was caught red-handed in possession of the controlled substances. The trial court did not err in refusing to exclude the State’s evidence, to give the affirmative charge, and denying appellant’s motion for new trial. Parham v. State, Ala.Cr.App., 333 So.2d 912, certiorari denied Ala., 333 So.2d 915.
A review of the record reflects no error injuriously affecting the substantial rights of appellant. The judgment of conviction is affirmed.
AFFIRMED.
AH the Judges concur.