The three-count indictment charged Johnny Tom Green with the unlawful possession of Cocaine, Phencyclidine, and Marijuana, contrary to the provisions of the Alabama Uniform Controlled Substances Act (Act No. 1407, Acts of Alabama, 1971 Regular Session).
The jury found the appellant guilty as charged on each of the three counts, but declined to assess a fine. The trial court then set sentence at thirteen years and nine months on each count, the said sentences to run concurrently.
The appellant filed a motion for a new trial, challenging the weight and sufficiency of the evidence and the sentence imposed, which motion was duly overruled following a hearing thereon.
Prior to trial a hearing was conducted by the trial court on the appellant's motion to suppress the evidence seized at his residence, 111 Davis Street, Montgomery, Alabama, on April 24, 1979.
Charles West, an ABC Board agent, stated that he had received information on April 23, 1979, from an informant, whom he had used on four or five occasions in the past and whose information had resulted in four convictions, that Marijuana was being sold at the residence of Johnny Tom Green, 111 Davis Street, Montgomery, Alabama, the appellant, and that his informant had seen the Marijuana there the previous day. Mr. West indicated that he went before Judge Mark Kennedy and made an affidavit which set forth this information, and that Judge Kennedy then issued a search warrant directing that a search be conducted of the residence of Johnny Tom Green at 111 Davis Street in Montgomery for Marijuana or other drugs or paraphernalia. Agent West also stated that he accompanied Montgomery Deputy Sheriff M. Wayne Ward and fellow ABC Agent Van Kominitsky, along with three other officers, to the appellant's home shortly after 4:00 o'clock on the afternoon of April 24, 1979. He stated they knocked on the door and appellant opened the door. Deputy Ward then read a copy of the search warrant to Green, handed it to him, and explained that the officers were there to conduct a search for drugs. He stated that all six officers were involved and they found several plastic bags and baggies containing a total of 7.9 ounces of Marijuana, four foil packets of Cocaine, and one wax paper packet containing Phencyclidine. Agent West indicated that all of these drugs were found in a brown grocery bag on the roof, which sloped toward the front of the house. He stated that the paper bag was retrieved, that it was wet on top, but the bottom of the bag was dry. He stated that he personally saw the appellant standing in the front yard of the house.
Agent Van Kominitsky testified that he was one of six officers who went to 111 Davis Street, Montgomery, Alabama, the home of the appellant, where a search warrant was served on the appellant as he opened the door. He stated that he personally found one set of scales and he and his fellow agent retrieved a brown grocery bag containing Marijuana, Cocaine, and Phencyclidine, which was on top of the roof. Agent Kominitsky stated he carried the drugs to the State Toxicology office.
On cross-examination, Agent Kominitsky indicated that, after he entered the home, he saw the appellant's baby boy drop a light bulb, and the appellant and his wife went over suddenly to sweep up the glass as the baby was reaching for it. He saw the appellant sweep this into a trash bag, then start out the door. He saw the appellant's arm make a move and heard a "flutter" type sound, then a "thud" on the roof just above his head. *Page 1217 
Johnny Tom Green then took the stand at the suppression hearing to testify that his wife had just pulled in the driveway and that he went outside to help her bring in some groceries. Immediately after doing so, he heard a knock at the door and three officers were standing there. They showed him a search warrant to search his home. He stated that one of them showed him a badge, but did not read the warrant until they came inside the house.
Green indicated that his wife used some scales for measuring various materials as she baked cakes and that sort of thing. He stated that he had gone outside to put out some trash after his baby had broken a light bulb, but denied throwing anything, or tossing a sack on the roof of his house.
The appellant's motion to suppress was overruled, whereupon the appellant was duly arraigned and entered not guilty pleas, and the cause proceeded to trial.
Allen Raymond Adaire testified he was a criminalist with the Department of Forensic Sciences, dealing with drug identification, in April, 1979. Mr. Adaire indicated that, on April 25, 1979, he received a brown paper bag from ABC Agent Van Kominitsky which contained five green plastic bags of various shapes, each containing a brown plant material. Mr. Adaire indicated he made several tests on this plant material and determined same to be Marijuana. Mr. Adaire stated there were eighteen small manila envelopes inside the brown paper bag, each of which contained Marijuana.
Mr. Adaire further stated that he also received four aluminum foil packets and tested the material contained therein and determined this to be "Cocaine" in each. He further tested the material contained in the wax paper, also in the brown bag, and determined this to be Phencyclidine. Mr. Adaire stated that all three drugs were prohibited substances under the Alabama Uniform Controlled Substances Act.
Montgomery County Deputy Sheriff M. Wayne Ward testified that he went to 111 Davis Street in Montgomery on the afternoon of April 24, 1979, accompanied by two ABC agents, West and Kominitsky, and several Montgomery County deputies. After knocking on the door, about 4:30 in the afternoon, it was opened by Johnny Tom Green. Deputy Ward indicated that he read the search warrant to Green and explained it, and the officers were invited inside. He indicated that ABC Agent Van Kominitsky acted as "property agent" for the search, and that within twenty to thirty minutes the officers found a brown paper bag on the roof of the appellant's residence which contained several packets. He stated that this brown bag was directly above the front door and on top of the roof, which was in plain view, and that the top of the bag was wet, as it was mining, but the bottom of the bag was dry. It was retrieved by one of the officers from the roof, and when opened it contained plastic bags which had a greenish brown plant material, eighteen in number, four aluminum foil packets, which contained powdery substances, and a wax paper packet, which contained another substance. All of these items were marked and turned over to Agent Kominitsky as property officer in the search.
On cross-examination Mr. Ward indicated that he went outside the residence as the appellant went outside and saw the bag on the roof and noticed that the door to the appellant's Datsun automobile was open when the car door had been closed earlier. He stated that the brown paper bag was in plain view on the roof. Deputy Ward also stated he found one set of scales inside the residence, which he turned over to Officer Kominitsky.
ABC Agent Van Kominitsky corroborated Deputy Ward's testimony and stated that he found a second set of scales inside the residence in a bedroom. The scales were marked as Exhibit Six.
Agent Kominitsky related that, while he was inside the house with the appellant seated at a table near him, he observed the appellant's baby break a light bulb and reach for the glass. He saw the appellant and his wife grab the baby, then sweep up the pieces of glass. He saw the appellant grab up what appeared to be some trash *Page 1218 
and start toward the front door. He said that, after watching Green go through the door, he heard a "fluttering" type sound to his right and had the impression that something was being thrown, then he heard a "thumping" noise. He stated he immediately asked Green what he had thrown, and Green denied throwing anything. Agent Kominitsky stated that he observed Green's arm in a throwing type motion and thereafter climbed onto the roof on the front of the house where he retrieved a paper bag. He stated that the bag was wet on top but it was dry on the bottom though it was raining outside. Inside the brown paper bag were eighteen plastic bags which contained a greenish brown leafy plant material, four aluminum packets of a powdery substance, and a wax paper packet of a different substance. Agent Kominitsky stated he took all of the items contained in the brown paper bag to the Department of Forensic Sciences on April 25, 1979, and turned them over to Mr. Allen Adaire. Agent Kominitsky then identified a set of scales which he found, and also a second set of scales which Deputy Ward found at the appellant's residence.
ABC Agent Charles West also testified and corroborated the testimony of the other officers.
The appellant's motion to exclude the State's evidence was overruled.
Mrs. Maybell Green stated she was the mother of Johnny Tom Green, but that she lived at 129 Wade Street in Montgomery. Mrs. Green indicated that she received a telephone call from her daughter-in-law, who was crying, on April 24, 1979. She told her that some officers were at their home. Mrs. Green stated that she drove over there. She stated that she talked with Officer Kominitsky in the yard, and he told her he was arresting her son for some items found in a bag, one of which he thought was grass or Marijuana. Mrs. Green said that Agent Kominitsky told her he found the bag on top of the house, and she asked him how he could charge her son for something found on top of the house. She also asked him if he saw her son throw it and Kominitsky told her he did not. Mrs. Green indicated that her daughter-in-law owned a blue Datsun automobile, which was parked in the driveway, and that she had seen her son drive this car, but that the vehicle belonged to his wife. She stated that the couple had a two-year old baby, the only child.
After an extension of the oral charge of the court, both sides announced, "Satisfied."
 I
The appellant asserts as error the admission of the trial court of two sets of scales found within the residence of the appellant on the afternoon of April 24, 1979, pursuant to the search under the search warrant. The scales in question were properly admitted into evidence by the trial court to show "the complete story" concerning the items found within the residence, and they would be relevant on the issue of whether Green possessed Marijuana with an intent other than for his personal use. Brantley v.State, 294 Ala. 344, 317 So.2d 345 (1975).
 II
The appellant also challenges the admission into evidence of the aluminum packets containing Cocaine, and the wax paper packet containing Phencyclidine, inasmuch as these items would constitute evidence of separate offenses and should not have been included in the same indictment and admitted into evidence at the same trial with the Marijuana.
This argument overlooks that line of Alabama cases which have determined that, where one or more controlled substances are contained within the same bag or pouch, such are relevant evidence as being part of the same transaction, Morrow v. State,52 Ala. App. 145, 290 So.2d 209, cert. denied, 292 Ala. 743,290 So.2d 213 (1973), and authorities therein cited, and, moreover, such items are properly admitted as showing the "complete story" as to the various drugs and paraphernalia found at the home.Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975), and authorities cited. *Page 1219 
 III
Finally, the appellant contends the trial court erred in denying his motion to exclude the evidence and erred in overruling his motion for a new trial due to the fact that the State did not prove beyond a reasonable doubt that the appellant had knowledge of the presence of the controlled substances at his home.
In Daniels v. State, 49 Ala. App. 654, 275 So.2d 169 (1973), this Court stated:
 "In a prosecution for unlawful possession of narcotics it is not necessary to prove manucaption but constructive possession may be shown, and where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. Rueffert v. State, 46 Ala. App. 36, 237 So.2d 520; Spruce v. State, 43 Ala. App. 487, 192 So.2d 747. See cases in 16 Alabama Digest, Poisons, Keynote 9.
 "Such guilty knowledge may be established by circumstantial evidence and guilt does not necessarily depend upon ownership. Parks v. State, 46 Ala. App. 722, 248 So.2d 761."
We believe the evidence sufficiently supported an inference for the jury's consideration that the appellant knew the three controlled substances were in his home by the following:
 (a) The residence was that of the appellant and his wife and child, and no one else lived at this address, 111 Davis Street.
 (b) Two officers testified that they saw the appellant, Green, grab up some trash after his child broke a light bulb and start out the door with same.
 (c) Agent Kominitsky testified he heard a "whirring" or "fluttering" sound and saw the appellant's arm make a motion, then heard a "thud" of something which apparently struck the roof just outside. Three officers stated they saw a brown paper bag sitting on top of the roof in the rain, and when Agent Kominitsky retrieved this bag it was damp on top, but the bottom of the bag was dry.
 (d) All of the controlled substances, as such, were inside the brown paper bag which three officers saw on the roof of the appellant's porch, and this was immediately after the appellant went outside to throw out some trash.
Where, as here, such evidence raises a question of fact for the jury and which evidence, if believed, is sufficient to sustain the conviction, the trial court did not err in overruling the motion to exclude and the motion for new trial, challenging the evidence in question. Young v. State, 283 Ala. 676, 220 So.2d 843 (1969); Fields v. State, Ala.Cr.App.,333 So.2d 861 (1976); Henderson v. State, Ala.Cr.App.,347 So.2d 540, cert. quashed, Ala., 347 So.2d 543 (1977); McHellen v.State, Ala.Cr.App., 351 So.2d 689 (1977), and authorities therein cited.
We have carefully examined this record and find no error therein. The judgment is
AFFIRMED.
All the Judges concur.