DeCARLO, Judge.
Pete Thomas was indicted for third degree burglary and receiving stolen property. After a jury trial he was convicted of receiving stolen property and sentenced to a term of five years in the State penitentiary-
I
The appellant contends that the evidence presented by the State was insufficient to support a conviction of receiving stolen property. In support of this contention he relies on Davidson v. State, 360 So.2d 728 (Ala.Crim.App.), cert. denied, 360 So.2d 731 (Ala.1978), in which this court held that “evidence tending to prove that the accused came into possession of the property described in the indictment solely through the burglarization of a house is insufficient to authorize a conviction of receiving stolen goods.”
The evidence in this case shows that on February 16, 1982, the residence of Josey Earl at 1458 A, Kellogg Street in Mobile, Alabama, was burglarized and a G.E. console television valued at approximately $1000 taken. On the following day, Mobile Police Sgt. Walter Pickett was told by an informant that he had seen a television taken in a burglary on Kellogg Street in the bedroom of an apartment at a certain address. Pickett relayed this information to Mobile Police Officer Nolan Ramsay.
Ramsay testified that Pickett told him that the informant had stated that he (the informant) had seen, within the last three days, a G.E. color console television in an apartment at 1211 Arlington Street and that “they were getting ready to move it.” Ramsey obtained a search warrant for the residence on Arlington Street and, on February 17, he and two other officers searched the premises. A G.E. color console television, which the victim later identified as hers, was found in a bedroom of the apartment. At the time of the search, appellant and his sister were present in the apartment.
After the search, the appellant was placed under arrest and taken to the Mobile detective bureau. Ramsay advised appellant of his constitutional rights from a “rights waiver” in the presence of Officer *938 Watts and Sgt. Coley. At that time, the appellant would not make a written statement but did make an oral statement saying he and another black male went to the house on Kellogg Street, removed the television and transported it to the appellant’s house.
No other evidence was presented which showed the appellant had in fact burglarized the residence or was in any way connected with the burglary. Moreover, during the trial the judge stated that the appellant was not placed anywhere near the burglarized residence and that the case would not be submitted to the jury on the burglary count due to the insufficiency of the evidence.
In Nicholson v. State, 369 So.2d 304 (Ala.Crim.App.1979), this court held:
“When an accused is charged in a two-count indictment with both larceny and buying, receiving or concealing stolen property, and the property in question is the same, the jury should be instructed to specify under which count they find the accused guilty _ Since an accused cannot be found guilty of both ... he is guilty, if at all, of either one or the other.”
The Supreme Court followed substantially the same reasoning in Ex parte Wilcox, 401 So.2d 794 (Ala.1981), holding:
“Although a defendant cannot be convicted of both larceny and buying, receiving or concealing stolen property, where the same property is involved, the state, may, nevertheless, seek convictions upon both. Defendant’s right not to be convicted of both can be safeguarded by requesting that the jury be instructed to specify the count under which they find the defendant guilty, and in situations where no evidence is presented as to a particular count, a directed verdict can be requested as to that count.”
In the present case, the trial court did precisely as directed under the foregoing opinions: he granted appellant’s motion, omitted the burglary count, and submitted the case to the jury on this count.
II
The appellant complains that the trial court erroneously allowed Officer Ramsey to testify, over his objection, that the search of appellant’s apartment yielded a stereo, two telephones, a “cooker cap,” and some marijuana. Appellant argues that the testimony was inadmissible as evidence of other crimes.
Such evidence may, however, be admitted where it is a part of the same transaction or has a tendency to show “the complete story.” Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975). In our opinion Ramsey’s testimony as to the stereo, telephones, and “cooker cap” was admissible for this purpose.
Moreover, the trial judge, after appellant’s objection, instructed the jury:
“The defendant is being tried for either burglary or the receiving and concealing of stolen property, namely a television set, nothing else.”
Further, these items were not mentioned again during the trial. No prejudicial error occurred in admitting the testimony concerning marijuana because of the trial court’s prompt instruction to the jury. See Frazier v. State, 56 Ala.App. 166, 320 So.2d 99 (1975).
III
Appellant insists that the search warrant executed by the police was invalid because the information given to the issuing judge was inaccurate.
In Richardson v. State, 376 So.2d 205 (Ala.Crim.App.1978), aff'd 376 So.2d 228 (Ala.1979), this court adopted the following standards for determining whether information contained in a supporting affidavit to a search warrant is inaccurate, necessitating the suppression of all evidence seized under the search warrant:
“Evidence should be suppressed when either of the following occurs:
“... (1) an intentional misstatement by an affiant-agent, whether material or immaterial to showing probable cause; or (2) a negligent or unreasonable assertion *939 in an affidavit, if material to showing probable cause, but not where (3) the mistake is innocent, even if material to probable cause.”
Sgt. Pickett testified that his informant “had been reliable and given me information and I had obtained arrests and convictions with the information.” Further, he said, “I didn’t say [to Ramsay] what kind of arrests they were.” The arrests and convictions actually obtained were drug related. Ramsey’s testimony indicated he was not aware that the convictions alluded to by Pickett were drug arrests, because he testified that Pickett told him “that this informant had led to the recovery of stolen property.”
After reviewing the testimony, we are of the opinion that this was an innocent assumption by Ramsey because the charge involved here was receiving stolen property and amounts only to an innocent mistake. There is no indication that it was an intentional effort to misrepresent or a negligent or unreasonable assertion of the underlying facts of the search warrant affidavit.
Based on the foregoing reasons, it is our opinion that the judgment of conviction by the Mobile Circuit Court is due to be affirmed.
AFFIRMED.
HARRIS, P.J., and TYSON, BARRON, JJ., concur.
BOWEN, J., dissents.