TYSON, Judge.
Vernon Earl Hastings, Sr., was charged with unlawfully possessing Hydromorphone Hydrochloride, a controlled substance, on or about December 15, 1981, contrary to the provisions of Alabama Uniform Controlled Substances Act, in violation of § 20-2-70, Code of Alabama 1975, as amended.
Appellant waived jury trial and was tried before the court, following which the trial judge found the appellant guilty as charged and sentenced him to five years’ imprisonment and assessed a $2,500.00 fine.
The State’s testimony consisted of the arresting officer, Larry Mote, of the Mobile Police Department Narcotics Squad, who, pursuant to a valid search warrant, entered the home of the appellant on December 15, 1981, and conducted a daytime search of the appellant’s residence at 448 Sipsey Street, Mobile, and further conducted a strip search of the appellant’s person, shortly after 9 o’clock on the morning of December 15, 1981.
Officer Mote was assisted by fellow officers, Stokes and Osborne. They seized several syringes found lying on a bed in appellant’s bedroom and two additional syringes found in the kitchen of the home and a bottle of clear liquid and spoon.
The strip search of the appellant’s person was conducted at the residence because the police informant had advised that the appellant had a “body cavity” or other place on his person into which he placed controlled substances.
During the strip search of the appellant’s person, a large bottle was found by causing the appellant to lift up his stomach (the appellant weighed over 400 pounds) and there was a bottle hidden which contained 13 yellow tablets, 19 beige tablets and 47 orange tablets.
Officer Mote further testified that he took three syringes from another subject on the premises named Cliff Davis.
The items seized were subsequently delivered to the Mobile toxicologist’s office where Ms, Sylvia Bryant made her analysis of the seized items and found that each of the syringes was negative for any controlled substance as was the spoon found in a purse lying on appellant’s bed. However, the bottle found in the purse had a clear liquid substance and was determined to be a combination of Talwin and Tripalinmine, which is used by injection and is a controlled substance.
The 47 orange tablets removed from the bottle on the person of the appellant were determined to contain Pentazozine Hydrochloride, which goes under the trade name Talwin, a controlled substance. Some other 19 tablets were also shown to be a controlled substance known as Dilaudid and some other tablets contained the chemical Phenmetrozine, known as Prelaudine, also a controlled substance.
The appellant’s motion to suppress and to exclude were overruled and the appellant presented no testimony at trial.
I
The issue here presented is a challenge to the search of the appellant’s person after presentation of the search warrant upon entering the residence of the appellant.
It is clear from reading Officer Mote’s testimony that he and his fellow officers had probable cause which was spelled out in the search warrant to enter the appellant’s residence.
The officers were validly inside the appellant’s home pursuant to this warrant.
Officer Mote testified that he had been informed by his informant that the appellant had a quantity of narcotic drugs on his person which was secreted within some type of “cavity” or other hiding place on the person of the appellant.
A valid strip search of his person at the residence confirmed this information with the bottle being found underneath the ap *206 pellant’s large stomach, containing a number of pills, i.e., 13 yellow tablets, 19 beige tablets and 47 orange tablets.
We are of the view that the opinion of the United States Supreme Court in Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), clearly authorized Officer Mote and his fellow officers to detain the appellant and conduct a search of his person inside the appellant’s residence. Officer Mote’s testimony clearly establishes that a valid reason existed for making this search at the residence, and the officers acted in a proper manner in detaining the actions of the arrestee once they were validly on the premises. Washington v. Chrisman, 455 U.S. 1, 102 S.Ct. 812, 70 L.Ed.2d 778 (1982).
The mere fact that the initial seizure of the syringes which were subsequently determined to be negative insofar as containing a controlled substance did not preclude the officers’ search of the appellant’s person. Authorities above cited.
The finding of other substances on the person of the appellant, other than those which were removed from the purse on the bed of the appellant, and seizures were entirely proper. Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975), and authorities therein cited.
We have carefully examined this record and find no error therein. The judgment appealed from is due to be and the same is hereby affirmed.
AFFIRMED.
All the Judges concur.