Luke Walker was indicted and convicted for the third degree burglary of Clark's Grocery near Circle, Alabama. Alabama Code 1975, § 13A-7-7. Sentence was seven years' imprisonment. On appeal, Walker argues that the affidavit in support of the warrant authorizing the search of his house was insufficient and does not support a finding of probable cause.
The search warrant was issued by the Circuit Court of Jackson County, Florida. The affidavit in support of that warrant states:
 "Your affiant is J.J. McCrary, a Deputy Sheriff, Jackson County, Florida and has been for the past twenty (20) years. Within the past fifteen (15) days your affiant has met with a confidential informant, on three (3) different occasions, who wishes his identity to be kept concealed regarding this matter. The confidential informant has given reliable information on more than one (1) occasion, that has proven to be correct. The confidential informant has related to your affiant that, in the within described house belonging to and occupied by L.W. Walker and Minnie Lois Lewis, is a kerosun heater and a Sanyo microwave oven that L.W. Walker has told informant on more than one (1) occasion that he (L.W. Walker) took from John Francis' Beer Joint. L.W. Walker has bragged about taking money from the machines and beer from the Beer Joint. A Burglary occurred the night of January 6, 1983 at John Francis Ward's Beer Joint, a Kerosun Heater and Sanyo microwave oven was missing from the establishment. The coin machines were burglarized and some beer was missing."
Walker contends that the affidavit is defective because the informant did not state *Page 795 
how he knew that the stolen property was located in Walker's residence. He argues that the affidavit does not satisfy the basis-of-knowledge prong of the test established in Aguilar v.Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), andSpinelli v. United States, 393 U.S. 410, 89 S.Ct. 584,21 L.Ed.2d 637 (1969).
The basis-of-knowledge prong requires the disclosure of the underlying circumstances necessary to establish the validity of the informant's conclusion that the stolen property was where he said it was. Spinelli, 393 U.S. at 413, 89 S.Ct. at 587. The State argues that that prong is satisfied in this case because the informant states that Walker had told him on more than one occasion that Walker had taken the heater and microwave oven from the Beer Joint. However, there is no direct or specific information indicating how the informant knows that the stolen property is inside Walker's residence.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983), the United States Supreme Court reaffirmed the "totality of the circumstances analysis that traditionally has informed probable cause determinations." 103 S.Ct. at 2332. The Court found that "the `two-pronged test' has encouraged an excessively technical dissection of informants' tips, with undue attention being focused on isolated issues that cannot sensibly be divorced from the other facts presented to the magistrate." 103 S.Ct. at 2330.
Gates advocates a "practical common-sense" approach to the issue of probable cause.
 "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for . . . conclud[ing]' that probable cause existed." 103 S.Ct. at 2332.
Here, the informant never stated how he knew that the stolen property was in Walker's residence. In this sense the affidavit is defective. Yet, even if this defect invalidates the warrant, the stolen property obtained when the search warrant was executed was still properly admitted into evidence. Under the "good-faith exception" to the warrant requirement of the Fourth Amendment, the exclusionary rule should not be applied so as to bar the use in the prosecution's case in chief of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 3419-20, 82 L.Ed.2d 677 (1984). "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. . . . Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Leon, 104 S.Ct. at 3420.
Here, the officer's reliance on the circuit judge's probable cause determination and on the technical sufficiency of the warrant he issued was "objectively reasonable".104 S.Ct. at 3421. In Leon, the Court indicated that suppression will remain an appropriate remedy in certain cases. 104 S.Ct. at 3421-22. None of those situations are present here. Officer McCrary made no false or reckless statements in his affidavit. The circuit judge did not "wholly abandon his judicial role." The affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." And, finally, the warrant was not so facially deficient that the executing officers cannot reasonably presume it to be invalid.104 S.Ct. at 3422.
Here, as in Leon, the officer's reliance on the judge's determination of probable cause was objectively reasonable, and *Page 796 
application of the extreme sanction of exclusion is inappropriate.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.