TYSON, Judge.
Alonzo Benge was indicted for felony possession of marijuana in violation of § 20-2-70, Code of Alabama 1975. He was found “guilty as charged in the indictment” by the jury and sentenced to 15 years in prison. The appellant raises three issues on appeal.
I
The appellant, Alonzo Benge, contends that the marijuana seized at his residence was obtained through an illegal search and seizure and, therefore, was improperly admitted into evidence. He sets out several grounds for this argument which are discussed separately below. At the outset, however, we note that the appellant did not move to suppress the evidence until the State had already called three witnesses. Photographs of the marijuana which was seized at the appellant’s residence, pursuant to the warrant issued in the cause, had already been admitted into evidence without any Fourth Amendment objection by this appellant. When the appellant finally moved to suppress the evidence, he did not invoke a ruling from the trial court. Therefore, this court is not required to review this issue as it was not properly preserved for appeal. Stringfellow v. State, 485 So.2d 1238 (Ala.Crim.App.1986).
A
The appellant contends that the search warrant was invalid because several handwritten additions and changes were made on the typed search warrant and affidavit. The appellant argues that this was error because no evidence was elicited as to when these changes were made. We find that the trial court did not err in denying appellant’s motion to suppress based on this ground.
The record indicates that the handwritten changes were initialed with the letters “CP”, which were the initials of the affiant, Chuck Pierce. The trial judge brought the initials to the appellant’s attention. During the discussion concerning the warrant, the prosecutor stated that he was prepared to offer testimony that the changes were made in the presence of the magistrate in the magistrate’s office. Furthermore, the specific additions to the warrant and affidavit, which the appellant challenges as error in his brief, do not appear to substantially or significantly alter the documents. Even if the trial court had erred, considering the particular facts and circumstances of this case, any error would have been harmless. A.R.A.P. 45.
B
The appellant also contends that the magistrate did not have probable cause to issue the search warrant. We disagree.
*433 “The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate has a ‘substantial basis for ... concluding]’ that probable cause existed.”
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). See also Walker v. State, 462 So.2d 794 (Ala.Crim.App.1984). “Probable cause deals with probabilities, not legal technicalities.” Carter v. State, 405 So.2d 957, 959 (Ala.Crim.App.), cert. denied, 405 So.2d 962 (Ala.1981). Great deference should be given to the magistrate’s determination of probable cause. Illinois v. Gates; United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
A careful review of the affidavit reveals that there was sufficient information placed before the trial court for it to conclude that the magistrate had a substantial basis for finding probable cause. See Houk v. State, 455 So.2d 115 (Ala.Crim.App.1984).
C
The appellant further contends that the evidence should have been suppressed because the search was conducted outside the bounds delineated within the search warrant. Specifically, the appellant argues that the search was illegal because the investigators seized a plastic bag of marijuana that was lying over the appellant’s fence line in a neighboring yard.
Fourth Amendment rights are personal and may not be vicariously asserted. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Ramires v. State, 492 So.2d 615 (Ala.Crim.App.1985); McGee v. State, 383 So.2d 881 (Ala.Crim.App.), cert. denied, 383 So.2d 884 (Ala.1980). The appellant may not claim that a violation of a third party’s Fourth Amendment rights entitle him to have the products of that search suppressed at his trial. Rakas v. Illinois; McGee. Therefore, the trial court did not err in denying appellant’s motion to suppress based on this ground. Moreover, such would be admissible to show the “complete story.” Brantley v. State, 294 Ala. 344, 317 So.2d 345 (1975).
II
The appellant next contends that the evidence found at his residence was inadmissible because the State failed to show a proper chain of custody. The appellant bases his argument on the fact that the marijuana was placed in an atrium at the Alabama Department of Forensic Sciences building for a period of time so that it could dry prior to being tested.
“The establishment of a chain of custody is needed to show a reasonable possibility that evidence has not been tampered with or altered. However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as and not substantially different from, the object at the commencement of the chain. Moreover, where a weak link in the chain of custody is said to exist, it presents a question of the credit and weight to be afforded the evidence rather than the admissibility of the item.”
Sommer v. State, 489 So.2d 643, 645 (Ala.Crim.App.1986) (citations omitted). See also Grice v. State, 481 So.2d 449 (Ala.Crim.App.1985).
The record reveals that Lorean Bailey, a drug chemist for the Department of Forensic Sciences, received the marijuana leaves in a wet condition. She testified that she put them in the building’s atrium for six hours to dry. She testified that the laboratory is built in a circle and employee offices open into the atrium. She also stated that no one had access to the atrium except for the employees in the surrounding offices and that it was common practice to dry marijuana leaves in the atrium. Bailey testified that she was in the lab during the entire six-hour period and was able to keep an eye on the leaves from that *434 location. She testified that she was reasonably certain that the substance she tested was the substance she received from the district attorney's office. Bailey also stated that she considered the leaves to be in her possession while they were drying.
Bailey's testimony sufficiently proved that the evidence she tested was in the same or substantially the same condition that it was in when she received the evidence. Any alleged weak link in the chain presented a question of credibility and weight for the jury. The trial court properly admitted the evidence.
Ill
The appellant argues that the evidence is insufficient to sustain the conviction because the State failed to prove constructive possession.
The record reveals that the search was conducted on June 30, 1986. The appellant and his wife were at the residence during the search. The owner of the house testified that she had rented the house to Sam Cole but he had subleased the house to this appellant. The owner also testified that she had seen the appellant at the house several times in May 1986. Cole testified that he rented the house to the appellant in May 1986. He also testified that a young man had roomed at the house with the appellant for part of the time. The appellant’s neighbor, Lillie Cagle, testified that the appellant had lived at the house “a good while before the police came out.” (R. 137).
The testimony of the investigators who conducted the search revealed that the following items were discovered during the search of the premises: (1) a substance that appeared to be marijuana lying on a calendar on one of the bedroom floors; (2) a book containing the names of known relatives of the appellant with the word “pot” written in yellow highlighter along with a telephone number written in yellow highlighter; (3) various papers and address books with the names and telephone numbers of the appellant’s relatives; (4) a set of scales; (5) a potted marijuana plant on the back porch; (6) individually potted marijuana plants on the front porch; (7) marijuana plants growing on the northern portion of the property and (8) a page in one of the notebooks with the letters “VAUSCA” (Violation Alabama Uniform Controlled Substances Act) written on it. See Brant-ley.
The appellant’s neighbor, Clyde Rainey, testified that, prior to the time the police came to the appellant’s house, the appellant brought some plants to him and wanted to put them in his yard. Rainey testified that the appellant told him the plants were marijuana and would make some money for Rainey.
“For unlawful possession of a controlled substance, it is not necessary to prove manucaption, but constructive possession may be shown and, where such possession is relied upon, the State must also prove beyond a reasonable doubt that the accused knew of the presence of a prohibited substance. Riggins v. State 437 So.2d 631 (Ala.Crim.App.1983); Jones v. State, 432 So.2d 5 (Ala.Crim.App.1983); Yarbrough v. State, 405 So.2d 721 (Ala.Crim.App.), cert. denied, 405 So.2d 725 (Ala.1981); Green v. State, 384 So.2d 1215 (Ala.Crim.App.1980); McHellen v. State, 351 So.2d 689 (Ala.Crim.App.1977); Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973). Guilty knowledge of the presence of the illegal substance may be established by circumstantial evidence. Jones v. State, supra; Yarbrough v. State, supra; Mitchell v. State, 395 So.2d 124 (Ala.Crim.App.1980), cert. denied, 395 So.2d 127 (Ala.1981); Green v. State, supra; McHellen v. State, supra; Henderson v. State, 347 So.2d 540 (Ala.Crim.App.), writ quashed, 347 So.2d 543 (Ala.1977); Parks v. State, 46 Ala.App. 722, 248 So.2d 761 (1971). Since the possession of illegal drugs is susceptible of joint commission, the guilt of the accused does not necessarily depend upon proof of her ownership of the drugs. Mitchell v. State, supra; McCord v. State 373 So.2d 1242 (Ala.Crim.App.1979); Henderson v. State, supra; Holley v. State, 447 So.2d 829 (Ala.Crim.App.1983).
*435 “ ‘While mere proximity to contraband is not enough to establish constructive possession, where other circumstantial evidence ... is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges.’ German v. State, 429 So.2d 1138 (Ala.Crim.App.1982); United States v. Whitmire, 595 F.2d 1303 (5th Cir.1979). When the presence of the accused at the scene is established and evidence of his knowledge of the presence of the illegal substance is shown — even by circumstantial evidence — along with other incriminating evidence, the issue of the appellant’s guilt should be submitted to the jury. Riggins v. State, 437 So.2d 631 (Ala.Crim.App.1983); German v. State, supra; Collier v. State, 413 So.2d 396 (Ala.Crim.App.1981), affirmed, 413 So.2d 403 (Ala.1982). Radke v. State, 292 Ala. 290, 293 So.2d 314 (1974). ‘If presence at the time and place a crime is committed, in conjunction with other facts and circumstances tend to connect the accused with the commission of the crime, then the jury may find the accused guilty.’ German v. State, supra; Dolvin v. State, 391 So.2d 133 (Ala.1980).”
Moore v. State, 457 So.2d 981, 986 (Ala.Crim.App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985).
The appellant argues that the State failed to prove knowledge. He bases his argument on Temple v. State, 366 So.2d 740 (Ala.Crim.App.1978), which sets out six circumstances which are commonly used to support a finding of knowledge. Without specifically addressing each of these circumstances as they apply to this ease, we only point out that the list is not exclusive. Coleman v. State, 394 So.2d 82 (Ala.Crim.App.1981).
A careful review of the record reveals that there was sufficient evidence to support a finding of constructive possession presented to the jury. See Wesenberg v. State, 504 So.2d 328 (Ala.Crim.App.1986); Franklin v. State, 437 So.2d 609 (Ala.Crim.App.1983).
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.
PATTERSON, J., in result only.